IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF BARRINGTON, and VILLAGE OF LAKE ZURICH,<br>    *Plaintiffs,*<br><br>v.<br><br>STANISLAW KACKI and XAN SYSTEMS, INC.,<br><br>    *Defendants.* | Case No. 18-cv-469 |

## NOTICE OF REMOVAL

Defendants STANISLAW KACKI and XAN SYSTEMS, INC., through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, remove this action from the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Defendants state:

## PROCEDURAL HISTORY

1. This is a negligence and violation of village code action alleged by Plaintiffs Village of Barrington and Village of Lake Zurich against Defendants Stanislaw Kacki and XAN Systems, Inc., resulting in alleged loss to Plaintiffs.

2. On December 11, 2017, Plaintiffs filed a three-count complaint in Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, Case No. 17 L 979. (Exhibit A, Complaint at Law).

3. Defendant XAN Systems, Inc. was served the Summons and Complaint via mail on January 5, 2018.

4. Defendant Stanislaw Kacki was served the Summons and Complaint via mail on January 12, 2018

5. Defendants filed an appearance in the Circuit Court of Lake County on January 5, 2018. (Exhibit B, Appearance).

## GROUNDS FOR REMOVAL

6. A defendant may remove any civil action brought in a State court for which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place in which the action is pending. 28 U.S.C.§ 1441(a).

7. This Court has original jurisdiction over this action by reason of complete diversity of citizenship and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

## THE PARTIES ARE OF DIVERSE CITIZENSHIP

8. Upon information and belief, at the time this action was commenced and since that time, Plaintiff Village of Barrington is an Illinois entity that conducts business in Illinois.

9. Upon information and belief, at the time this action was commenced and since that time, Plaintiff Village of Lake Zurich is an Illinois entity that conducts business in Illinois.

10. Defendant Stanislaw Kacki is a citizen of the country of Canada and resides in Ontario, Canada.

11. At the time this action was commenced and since that time, Defendant XAN Systems, Inc. is incorporated in Canada with its principal place of business located in Newmarket, Ontario, Canada. (Exhibit C, XAN Systems, Inc. Affidavit of Citizenship).

12. Defendant XAN Systems, Inc. was also served the Complaint and Summons via mail at its Newmarket, Ontario address.

13. Based on its state of incorporation and principal place of business, Defendant XAN Systems, Inc. is deemed to be a citizen of Canada for purposes of 28 U.S.C. §§ 1332 and 1441 pursuant to 28 U.S.C. § 1332 (c).

14. As such, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. *See Wis. Dept or Correction v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052 (1998); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65, 117 S. Ct. 467, 471 (1996).

## AMOUNT IN CONTROVERSY IS SATISFIED

15. In each count of Plaintiffs' Complaint, the prayer for relief alleges the amount in controversy to be in excess of $50,000 and alleged to cover the costs for the damage to firefighter equipment and gear that necessitated replacement and to cover the costs to clean up the chemical spill resulting from a vehicle collision and fire.

16. Therefore, the jurisdictional minimum of $75,000.00 is clearly met given the allegations in Plaintiffs' complaint pursuant to 28 U.S.C. § 1332.

## THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

17. Defendants filed this Notice of Removal within thirty (30) days of receipt through service of Plaintiff's initial pleading setting forth a claim; therefore, this Notice of Removal is timely. 28 U.S.C. § 1446(b)(1).

18. This Court has diversity jurisdiction over this mater pursuant to 28 U.S.C. § 1332 (a)(1).

19. The State Court Action is properly subject to removal pursuant to 28 U.S.C. § 1332 (a)(1).

20. Defendants are filing, within this pleading, a copy of the Complaint and Summons served upon it in the state court action. 28 U.S.C. § 1446(a).

21. Promptly after filing this Notice of Removal, Defendants will provide written notice to all adverse parties of the filing, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, as required by 28 U.S.C. § 1446(d).

22. By filing this Notice of Removal, Defendants do not waive any available defenses, including all jurisdictional and affirmative defenses.

23. The undersigned counsel for the Defendants have read the foregoing and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants Stanislaw Kacki and XAN Systems, Inc. hereby remove the instant action from the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully request that this Court exercise jurisdiction over this action.

Respectfully Submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Kathleen McDonough*
Kathleen McDonough (ARDC # 6229813)
kathleen.mcdonough@wilsonelser.com
Lamis G. Eli (ARDC # 6308955)
lamis.eli@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: 312.704.0550
Fax: 312.704.1522

Attorneys for Stanislaw Kacki and
XAN Systems, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to Plaintiff's counsel via Certified mail on this 22nd day of January, 2018.

*/s/ Kathleen McDonough*
Kathleen McDonough

2448527v.1